IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CALIFORNIA NATIONAL BANK, )<br>a National Banking Association, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>HENRY W. DEAN, LINDA L. )<br>BADELL, and SUN VALLEY )<br>DEVELOPMENT, LLC, an Idaho )<br>Limited Liability Corporation, )<br>)<br>Defendants. )<br>_____ ) | Case No. CV-08-201-S-BLW<br><br>ORDER SETTING TRIAL<br>AND TELEPHONIC PRETRIAL<br>CONFERENCE |

On **February 18, 2010**, the Court's staff held a status conference for the purpose of setting a trial date in this matter. Although the Court noticed the hearing for that date, the Court was unable to reach Mr. Dean, who is representing himself pro se in this matter. Moreover, neither the corporate defendants nor defendant Linda Badell have indicated how or by whom they are represented. Accordingly, at the status conference, the Court's staff asked counsel for Plaintiff to provide the Court with Plaintiff's available trial dates. Based on that conference, the Court issues the following order:

**Order -- Page 1**

NOW THEREFORE IT IS HEREBY ORDERED, that the following deadlines and procedures shall govern the remainder of this litigation:

1. <u>Trial Date</u>:  A **5-day** jury trial shall be set for **July 19, 2010, at 1:30 p.m.** in the James A. McFederal Federal Building and U.S. Courthouse in **Boise, Idaho**.

2. **<u>Trial Judge</u>**: This case is hereby referred to The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by special designation.

3. <u>Pretrial Date</u>:  A telephonic pretrial conference shall be scheduled by Judge Carter.  The purpose of the conference is to discuss and resolve (1) the legal issues remaining in the case; (2) evidentiary issues; (3) trial logistics; and (4) any other matter pertaining to the trial.  Not less than twenty days prior to the date of the pretrial conference, the parties shall communicate and reach agreement on as many items as possible.  The parties shall be prepared to discuss with the Court those items over which counsel disagrees.

4. All other trial deadlines shall be scheduled by Judge Carter.

5. <u>Trial Procedures</u>:

    a. The Court will generally control voir dire, and counsel will be limited to 20-30 minutes.  Counsel are cautioned not to repeat questions

**Order -- Page 2**

      already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

b.    Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

c.    During trial, the jury will be in the box hearing testimony the entire trial day between 9:00 a.m and 5:00 p.m., except for the standard fifteen minute morning and afternoon recesses, and the lunch recess. During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to

    bring up all anticipated evidentiary questions in their pretrial briefs.

d.  Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

DATED: **March 2, 2010**

*(signature)*

B. LYNN WINMILL
Chief Judge
United States District Court